JRB (58668-76)                                                    ARDC #6278964

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LETICIA LASCANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. |
| | ) |
| THE KROGER CO., d/b/a FOOD 4 LESS, | ) |
| FOOD 4 LESS MIDWEST, | ) |
| RALPHS GROCERY COMPANY d/b/a | ) |
| FOOD 4 LESS MIDWEST and FOOD 4 | ) |
| LESS MIDWEST. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. § 1441, et seq. and 28 U.S.C. § 1332,* Defendant, RALPHS

GROCERY COMPANY D/B/A FOOD 4 LESS AND THE KROGER CO., INCORRECTLY SUED AS THE

KROGER CO. D/B/A FOOD 4 LESS FOOD 4 LESS MIDWEST, RALPHS GROCERY COMPANY D/B/A FOOD

4 LESS MIDWEST AND FOOD 4 LESS MIDWEST, by and through their counsel, and hereby give notice

of the removal of the above-captioned action from the Circuit Court of Cook County, Case No.

2022 L 011425, to the United States District Court for the Northern District of Illinois, Eastern

Division, and in support thereof, state the following:

    1.    This action is being removed to federal court based upon the diversity of citizenship

of the parties to this cause, and the existence of the requisite amount in controversy, as is also

more fully stated below.

    2.    On or about December 27, 2022, Plaintiff Leticia Lascano initiated the above-

captioned lawsuit by filing a Complaint entitled *Leticia Lascano v. Ralphs Grocery Company*

                             1

*d/b/a Food 4 Less and The Kroger Co.*, in the Circuit Court of Cook County, Illinois. A copy of the Complaint is attached hereto as **Exhibit 1**, and it is incorporated herein by reference.

1.      On or about January 6, 2023, service was made upon the Defendant as attached hereto as **Exhibit 2**.

2.      The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above-captioned lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 for the following reasons:

    a.    Plaintiff Leticia Lascano at the time the lawsuit was commenced and at all relevant times, has presumably been a resident and citizen of the State of Illinois;

    b.    Defendant Ralphs Grocery Company d/b/a Food 4 Less at the time the lawsuit was commenced and at all relevant times, has been an Ohio corporation with its principal places of business in California, making it a citizen of the State of California and the State of Ohio;

    c.    Defendant The Kroger Co. at the time the lawsuit was commenced and at all relevant times, has been an Ohio Corporation with its principal place of business located in the State of Ohio making it a citizen of the State of Ohio;

    d.    According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is in an amount in excess of the Circuit Court of Cook County's minimal jurisdictional limit of $50,000.00. Plaintiff Leticia Lascano claims that she "suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and the Plaintiff was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties." (Exhibit 1, ¶ 23) Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002); *Varkalis v. Werner Co. & Lowe's Home Ctr.*, No. 10 C 03331, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. Aug. 18, 2010), a copy of which decision is attached hereto as **Exhibit 3**.

e.   Based upon the foregoing, it is Defendants' good-faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

f.   Defendant Ralphs Grocery Company d/b/a Food 4 Less and The Kroger Co., by and through its counsel, consents to the removal of this action;

g.   This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within thirty (30) days of service of the Summons and Complaint upon each Defendant;

h.   Because complete diversity exists and the minimum $75,000.00 threshold is satisfied, diversity jurisdiction exists and this action is properly removable pursuant to 28 U.S.C. § 1441(a).

3.   Defendant will provide a copy of the original Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants Ralphs Grocery Company d/b/a Food 4 Less and The Kroger Co., respectfully requests that this case proceed before the United States District Court for the Northern District of Illinois as an action properly removed.

Dated: February 6, 2023                              Respectfully submitted,

Jennifer R. Beegle                                   **Ralphs Grocery Company d/b/a Food 4**
MOLZAHN, REED & ROUSE, LLC                           **Less and The Kroger Co., Defendants**
17 North State Street, Suite 1590
Chicago, IL 60602
T:  (312) 553-8633                                   By:  */s/Jennifer R. Beegle*
F:  (312) 917-1851                                          One of Its Attorneys
ARDC #6278964
jrb@m2rlaw.com

4

·All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 3/1/2023 9:30 AM

FILED
12/27/2022 10:55 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L011425
Calendar, X
20802899

FILED DATE: 12/27/2022 10:55 AM   2022L011425

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LETICIA LASCANO,                       )
                                       )
                Plaintiff,             )
        v.                             )
                                       )
THE KROGER CO., d/b/a FOOD 4 LESS and  )
FOOD 4 LESS MIDWEST, and               )
RALPHS GROCERY COMPANY d/b/a FOOD 4    )
LESS MIDWEST and FOOD 4 LESS MIDWEST,  )
                                       )
                Defendants.            )

### COMPLAINT AT LAW

NOW COMES the Plaintiff, LETICIA LASCANO, by and through her attorneys, SHERWOOD LAW GROUP, LLC, and for her Complaint at Law against the Defendants, THE KROGER CO., d/b/a FOOD 4 LESS and FOOD 4 LESS MIDWEST, and RALPHS GROCERY COMPANY d/b/a FOOD 4 LESS and FOOD 4 LESS MIDWEST, states as follows:

### COUNT I
### NEGLIGENCE VERSUS THE KROGER CO., d/b/a FOOD
### 4 LESS and FOOD 4 LESS MIDWEST

1.      That on or about August 19, 2021, the Defendant, THE KROGER CO., d/b/a FOOD 4 LESS and FOOD 4 LESS MIDWEST ("THE KROGER CO."), was an Ohio corporation doing business in the state of Illinois with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

2.      That on or about August 19, 2021, and for a long time prior thereto, the Defendant, THE KROGER CO., individually and collectively owned, leased, operated, maintained, possessed and controlled the Property located at 3039 S Cicero Ave, Cicero, Illinois 60804 aka "FOOD 4 LESS" and hereinafter referred to as the ("Property").

3.      That on or about August 19, 2021, title to the Property was in the name of FOOD

1



FILED DATE: 12/27/2022 10:55 AM    2022L011425

4 LESS.

4.     That on or about August 19, 2021, repair work, maintenance, construction, or management to the Property was individually and/or jointly done and completed by the Defendant, THE KROGER CO.

5.     That on or about August 19, 2021, the Property was leased to, managed, and operated by the Defendant, THE KROGER CO.

6.     That on or about August 19, 2021, and for a long time prior thereto, the Defendant, THE KROGER CO., individually or jointly contracted with a third party for cleaning, maintenance, custodial, repair, construction, maintenance, and janitorial services to and for the Property.

7.     That on or about August 19, 2021, the Plaintiff, LETICIA LASCANO, was an invitee and a customer lawfully upon the Property.

8.     That on or about August 19, 2021, the Plaintiff, LETICIA LASCANO, was walking near the shampoo section within the bathroom aisle on the Property ("Shampoo Section") when she tripped and slipped over food, liquid and/or a substance ("Substance") and was caused to fall directly to the ground below.

9.     That on or about August 19, 2021, the Plaintiff, LETICIA LASCANO, was in the exercise of ordinary care and caution for her own caution and safety.

10.     That on or about August 19, 2021, the Defendant, THE KROGER CO., had installed, conducted repairs to, cleaned, inspected, serviced, and maintained the flooring within and near the Shampoo Section on the Property.

11.     That on or about August 19, 2021, the Defendant, THE KROGER CO., failed to warn the Plaintiff of the improperly placed Substance on the Property within and near the Shampoo

2

FILED DATE: 12/27/2022 10:55 AM   2022L011425

Section on the Property.

12.     That on or about August 19, 2021, the Defendant, THE KROGER CO., by and through its agents, employees and servants did not properly clean, repair, and maintain the Shampoo Section on the Property.

13.     That on or about August 19, 2021, the Defendant, THE KROGER CO., by and through its agents, employees and servants did not properly remove the Substance from the Shampoo Section on the Property.

14.     That on or about August 19, 2021, the Defendant, THE KROGER CO., failed to properly inspect the Property to determine whether it was proper for safe usage by invitees, customers, employees, and the public.

15.     The Defendant, THE KROGER CO., was responsible for maintaining, cleaning, repairing, securing, constructing and preventing dangerous and hazardous conditions on the Property from being unsafe for usage, ingress and egress by invitees, employees, and the public.

16.     That on or about August 19, 2021, the Defendant, THE KROGER CO., had notice and knowledge of the improperly placed Substance within and near the Shampoo Section on the Property, making said area dangerous and hazardous, and susceptible to trip, slip and falls.

17.     That on or about August 19, 2021, the Defendant, THE KROGER CO., had notice and knowledge of a leaking substance, fruit, or other groceries being spilled, pushed or left at or near the Shampoo Section on the Property, making said area dangerous and hazardous, and susceptible to trip, slip and falls.

18.     That on or about August 19, 2021, the Defendant, THE KROGER CO., had notice and knowledge, or reasonably should have known given their video surveillance, inspection protocols, employees, and agents of the improperly placed Substance within and near the Shampoo

3

Section on the Property, making said area susceptible to trip, slip and falls

19.     That it then and there became and was the duty of the Defendant, THE KROGER CO., to exercise reasonable care to clean, construct, repair, maintain, inspect, and sweep the Shampoo Section on the Property in a reasonably safe condition for the safety of its invitees, patrons, and employees, including the Plaintiff, and those persons lawfully upon and around said Property.

20.     That it then and there became and was the duty of the Defendant, THE KROGER CO., to exercise reasonable care to remove the Substance from the Shampoo Section on the Property for the safety of its invitees, patrons, and employees, including the Plaintiff, and those persons lawfully upon and around said Property.

21.     That not regarding its duty aforesaid, the Defendant, THE KROGER CO., by its duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

a)  Carelessly and negligently failed to inspect said Property and maintain it in a safe condition;
b)  Carelessly and negligently failed to warn patrons, including the Plaintiff, that the Property was unsafe and hazardous because of an improperly placed Substance;
c)  Carelessly and negligently failed to repair the unsafe and hazardous condition or remove the improperly placed Substance for an unreasonably long period of time despite notification thereof;
d)  Carelessly and negligently failed to properly maintain said Property;
e)  Carelessly and negligently undertook to remove the improperly placed Substance and did so in a negligent manner;
f)  Carelessly and negligently failed to contact a third-party company within a reasonable period time despite knowledge of potentially dangerous condition;
g)  Carelessly and negligently invited the public and the Plaintiff to access, enter and exit the Property when it was not and was unsafe for her to do so;
h)  Carelessly and negligently failed to maintain the Property in a condition safe for intended users;
i)  Carelessly and negligently failed to properly remove the Substance from an aisle or other pedestrian walkway;
j)  Carelessly and negligently allowed the Substance to remain in an aisle or other pedestrian walkway despite notice thereof;

FILED DATE: 12/27/2022 10:55 AM   2022L011425

FILED DATE: 12/27/2022 10:55 AM   2021L011425

k) Placed, re-directed, moved, or left a Substance in an aisle or other pedestrian walkway which created a dangerous and hazardous condition;

l) Carelessly and negligently failed to repair the slip and trip hazard which created a dangerous and unsafe condition on the Property;

m) Was otherwise careless and negligent in the control, repair, maintenance, construction, staging, and service of the Property.

22.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant, THE KROGER CO., the Plaintiff, LETICIA LASCANO, was caused to and did slip and trip and fall to the ground.

23.     That as a direct and proximate result of the aforesaid, the Plaintiff, LETICIA LASCANO, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and the Plaintiff, was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, the Plaintiff, LETICIA LASCANO, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against the Defendant, THE KROGER CO., d/b/a FOOD 4 LESS and FOOD 4 LESS MIDWEST, for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

## COUNT II
### NEGLIGENCE VERSUS RALPHS GROCERY COMPANY
### d/b/a FOOD 4 LESS MIDWEST and FOOD 4 LESS MIDWEST

23.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY d/b/a FOOD 4 LESS and FOOD 4 LESS MIDWEST ("RALPHS GROCERY

FILED DATE: 12/27/2022 10:55 AM   2022L011425

COMPANY"), was an Ohio corporation doing business in the state of Illinois with offices of its registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

25.    That on or about August 19, 2021, and for a long time prior thereto, the Defendant, RALPHS GROCERY COMPANY, individually and collectively owned, leased, operated, maintained, possessed and controlled the Property located at 3039 S Cicero Ave, Cicero, Illinois 60804 aka "FOOD 4 LESS" and hereinafter referred to as the ("Property").

26.    That on or about August 19, 2021, title to the Property was in the name of FOOD 4 LESS.

27.    That on or about August 19, 2021, repair work, maintenance, construction, or management to the Property was individually and/or jointly done and completed by the Defendant, RALPHS GROCERY COMPANY

28.    That on or about August 19, 2021, the Property was leased to, managed, and operated by the Defendant, RALPHS GROCERY COMPANY

29.    That on or about August 19, 2021, and for a long time prior thereto, the Defendant, RALPHS GROCERY COMPANY, individually or jointly contracted with a third party for cleaning, maintenance, custodial, repair, construction, maintenance, and janitorial services to and for the Property.

30.    That on or about August 19, 2021, the Plaintiff, LETICIA LASCANO, was an invitee and a customer lawfully upon the Property.

31.    That on or about August 19, 2021, the Plaintiff, LETICIA LASCANO, was walking near the shampoo section within the bathroom aisle on the Property ("Shampoo Section") when she tripped and slipped over food, liquid and/or a substance ("Substance")and was caused to fall directly to the ground below.

6

FILED DATE: 12/27/2022 10:55 AM   2022L011425

32.     That on or about August 19, 2021, the Plaintiff, LETICIA LASCANO, was in the exercise of ordinary care and caution for her own caution and safety.

33.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, had installed, conducted repairs to, cleaned, inspected, serviced, and maintained the flooring within and near the Shampoo Section on the Property.

34.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, failed to warn the Plaintiff of the improperly placed Substance on the Property within and near the Shampoo Section on the Property.

35.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, by and through its agents, employees and servants did not properly clean, repair, and maintain the Shampoo Section on the Property.

36.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, by and through its agents, employees and servants did not properly remove the Substance from the Shampoo Section on the Property.

37.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, failed to properly inspect the Property to determine whether it was proper for safe usage by invitees, customers, employees, and the public.

38.     The Defendant, RALPHS GROCERY COMPANY, was responsible for maintaining, cleaning, repairing, securing, constructing and preventing dangerous and hazardous conditions on the Property from being unsafe for usage, ingress and egress by invitees, employees, and the public.

39.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, had notice and knowledge of the improperly placed Substance within and near the

7

FILED DATE: 12/27/2022 10:55 AM   2022L011425

Shampoo Section on the Property, making said area dangerous and hazardous, and susceptible to trip, slip and falls.

40.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, had notice and knowledge of a leaking substance, fruit, or other groceries being spilled, pushed or left at or near the Shampoo Section on the Property, making said area dangerous and hazardous, and susceptible to trip, slip and falls.

41.     That on or about August 19, 2021, the Defendant, RALPHS GROCERY COMPANY, had notice and knowledge, or reasonably should have known given their video surveillance, inspection protocols, employees, and agents of the improperly placed Substance within and near the Shampoo Section on the Property, making said area susceptible to trip, slip and falls

42.     That it then and there became and was the duty of the Defendant, RALPHS GROCERY COMPANY, to exercise reasonable care to clean, construct, repair, maintain, inspect, and sweep the Shampoo Section on the Property in a reasonably safe condition for the safety of its invitees, patrons, and employees, including the Plaintiff, and those persons lawfully upon and around said Property.

43.     That it then and there became and was the duty of the Defendant, RALPHS GROCERY COMPANY, to exercise reasonable care to remove the Substance from the Shampoo Section on the Property for the safety of its invitees, patrons, and employees, including the Plaintiff, and those persons lawfully upon and around said Property.

44.     That not regarding its duty aforesaid, the Defendant, RALPHS GROCERY COMPANY, by its duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

8

FILED DATE: 12/27/2022 10:55 AM   2022L011425

a) Carelessly and negligently failed to inspect said Property and maintain it in a safe condition;

b) Carelessly and negligently failed to warn patrons, including the Plaintiff, that the Property was unsafe and hazardous because of an improperly placed Substance;

c) Carelessly and negligently failed to repair the unsafe and hazardous condition or remove the improperly placed Substance for an unreasonably long period of time despite notification thereof;

d) Carelessly and negligently failed to properly maintain said Property;

e) Carelessly and negligently undertook to remove the improperly placed Substance and did so in a negligent manner;

f) Carelessly and negligently failed to contact a third-party company within a reasonable period time despite knowledge of potentially dangerous condition;

g) Carelessly and negligently invited the public and the Plaintiff to access, enter and exit the Property when it was not and was unsafe for her to do so;

h) Carelessly and negligently failed to maintain the Property in a condition safe for intended users;

i) Carelessly and negligently failed to properly remove the Substance from an aisle or other pedestrian walkway;

j) Carelessly and negligently allowed the Substance to remain in an aisle or other pedestrian walkway despite notice thereof;

k) Placed, re-directed, moved, or left in an aisle or other pedestrian walkway which created a dangerous and hazardous condition;

l) Carelessly and negligently failed to repair the slip and trip hazard which created a dangerous and unsafe condition on the Property;

m) Was otherwise careless and negligent in the control, repair, maintenance, construction, staging, and service of the Property.

45.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant, RALPHS GROCERY COMPANY, the Plaintiff, LETICIA LASCANO, was caused to and did slip and trip and fall to the ground.

46.     That as a direct and proximate result of the aforesaid, the Plaintiff, LETICIA LASCANO, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and the Plaintiff, was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

FILED DATE: 12/27/2022 10:55 AM    2022L011425

WHEREFORE, the Plaintiff, LETICIA LASCANO, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against the Defendant, RALPHS GROCERY COMPANY, for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

Respectfully Submitted,

**SHERWOOD LAW GROUP, LLC**

*Karla Neninger*

**KARLA NENINGER**
kan@sherwoodlawgrop.com
Attorney for Plaintiff

**KARLA NENINGER**
**JASON H. SHERWOOD**
**SHERWOOD LAW GROUP, LLC**
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Phone: 312.627.1650
Fax: 312.648.9503
Attorney No. 47294

10



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26172789**
**Date Processed: 01/09/2023**

| Primary Contact: | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine St<br>Ste 1000<br>Cincinnati, OH 45202-1100 |
|---|---|

| | |
|---|---|
| **Entity:** | Ralphs Grocery Company<br>Entity ID Number 2220131 |
| **Entity Served:** | Ralphs Grocery Company |
| **Title of Action:** | Leticia Lascano vs. The Kroger Co., d/b/a Food 4 Less |
| **Matter Name/ID:** | Leticia Lascano vs. The Kroger Co., d/b/a Food 4 Less (13443696) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2022L011425 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 01/06/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Sherwood Law Group LLC<br>312-627-1650 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com



All Law Division Initial Case Management Dates will be heard via ZOOM.
Summons - Alias Summons (12/31/15) CCG N001
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 3/1/2023 9:30 AM

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LETICIA LASCANO

v.

THE KROGER CO., d/b/a FOOD 4 LESS and FOOD 4
LESS MIDWEST, et al.

No. _____

**FILED**
12/27/2022 10:55 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L011425

Defendant Address:
RALPHS GROCERY COMPANY d/b/a FOOD 4
LESS and FOOD 4 LESS MIDWEST, X
R/A Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

12/27/2022 10:55 AM IRIS Y. MARTINEZ

☑ Atty. No.: 47294

Name: Sherwood Law Group LLC

Atty. for: Plaintiff

Address: 218 N. Jefferson Street, Ste. 401

City/State/Zip Code: Chicago, IL 60661

Telephone: 312-627-1650

Primary Email Address: jhs@sherwoodlawgroup.com

Secondary Email Address(es):

kan@sherwoodlawgroup.com

mer@sherwoodlawgroup.com

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

Caution
As of: May 7, 2019 8.57 PM Z

# McCoy v. GMC

United States District Court for the Northern District of Illinois, Eastern Division

October 16, 2002, Decided ; October 17, 2002, Docketed

No. 02 C 4983

**Reporter**
226 F. Supp. 2d 939 *; 2002 U.S. Dist. LEXIS 19751 **

RONALD McCOY, a minor, by his mother and next friend SHERRY WEBB and PHILIP McCLAIN, a minor, by his mother and next friend, MARGIE WEBB and SHERRY WEBB, individually, Plaintiffs, v. GENERAL MOTORS CORP., Defendant.

**Disposition:** [**1] Defendant's motion for reconsideration of order of remand to Circuit Court and reinstate case denied.

## Core Terms

removal, damages, notice, cases, days, jurisdictional amount, permanent injury, Plaintiffs'

## Case Summary

### Procedural Posture
Plaintiffs, two minors, by their mothers and next friends, filed a product liability suit against defendant corporation and alleged that injuries caused to them during a car accident resulted from a defect in the corporation's vehicle. The corporation removed the case on the basis of diversity jurisdiction. The case was remanded to state court for failure to timely remove the case. The corporation moved for reconsideration of the remand.

### Overview
In their complaint, the plaintiffs claimed that each occupant of the vehicle sustained lasting and permanent injuries. Along with its answer to the complaint, the corporation requested an admission from the plaintiffs that they sought damages in excess of $ 75,000, the amount necessary for federal diversity jurisdiction. When the plaintiffs did not respond on time, the corporation filed its notice of removal. The district court remanded the action to state court holding that it was apparent from the face of the complaint that the amount in controversy exceeded $ 75,000. On the corporation's motion for reconsideration, the district court found that U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 did not obviate the corporation's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether the action was removable. Since the plaintiffs' complaint alleged severe and permanent injuries, and sought damages for lost income, the corporation surely was on notice that the case was removable and it should have removed the case within 30 days of receipt of the complaint. Because the corporation did not do so, its removal was untimely under 28 U.S.C.S. § 1446(b).

### Outcome
The corporation's motion to reconsider and reinstate the case was denied.

## LexisNexis® Headnotes



EXHIBIT
3

226 F. Supp. 2d 939, *939; 2002 U.S. Dist. LEXIS 19751, **1

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN1[⬇]** Removal, Procedural Matters

Removal of a civil action is governed by 28 U.S.C.S. § 1446(b).

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN2[⬇]** Removal, Procedural Matters

See 28 U.S.C.S. § 1446(b).

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

Civil Procedure > ... > Methods of Discovery > Requests for Admissions > General Overview

Civil Procedure > ... > Methods of Discovery > Requests for Admissions > Responses to Requests for Admissions

**HN3[⬇]** Diversity Jurisdiction, Amount in Controversy

Removal to the federal district courts in Illinois is aided by U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2, which provides a procedure for defendants faced with a complaint alleging a damages amount that satisfies the Illinois jurisdictional minimum but is below the federal jurisdictional amount in controversy. U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 requires removing defendants to file along with their notice of removal: (1) a statement that the defendant in good faith believes the amount in controversy exceeds the jurisdictional amount; and (2) a response by the plaintiff to an interrogatory or request for admission stating that the damages sought exceeds $ 75,000.

Civil Procedure > ... > Removal > Procedural Matters > General Overview

Civil Procedure > ... > Removal > Specific Cases Removed > General Overview

**HN4[⬇]** Removal, Procedural Matters

The United States District Court for the Northern District of Illinois, Eastern Division finds that U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 does not obviate a defendant's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether an action is removable. Nor does U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 provide a safe harbor that encourages the defendant to wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, the defendant is not insulated from a remand to state court.

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > General Overview

Torts > ... > Compensatory Damages > Types of Losses > Permanent Injuries

Civil Procedure > ... > Removal > Procedural Matters > General Overview

**HN5[⬇]** Diversity Jurisdiction, Amount in Controversy

226 F. Supp. 2d 939, *939; 2002 U.S. Dist. LEXIS 19751, **1

Courts have routinely held that when a plaintiff alleges serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiff's damages exceed the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of 28 U.S.C.S. § 1446(b).

Civil Procedure > ... > Removal > Procedural Matters > Time Limitations

Governments > Courts > Rule Application & Interpretation

Civil Procedure > ... > Removal > Procedural Matters > General Overview

*HN6*[⏩] **Procedural Matters, Time Limitations**

The United States District Court for the Northern District of Illinois, Eastern Division finds that to the extent that U.S. Dist. Ct., N.D. Ill., E. Div., R. 81.2 provides the exclusive procedure by which a defendant may remove Illinois state complaints that lack an express ad damnum clause, it impermissibly contravenes the federal removal statute. A local rule may not limit or contravene the plain language and intent of a federal statute. Fed. R. Civ. P. 83. The first sentence of 28 U.S.C.S. § 1446(b) does not specifically define what triggers removability in the initial complaint, but the intent of the 30-day time limit for removal is to resolve the issue of removal as soon as possible and allow the case to proceed without fear of uprooting the proceedings and transplanting them elsewhere. Although the 30-day time limit in 28 U.S.C.S. § 1446(b) is not jurisdictional, it is mandatory and strictly applied. The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court. By mandating an exclusive procedure by which defendants must remove a particular class of complaints in Illinois, a procedure that can never satisfy the 30-day initial-pleading time limit under § 1446(b), Rule 81.2 interferes with the federal removal statute's policy of expediting proceedings in the appropriate forum.

**Counsel:** For RONALD MCCOY, PHILLIP MCLAIN, plaintiffs: Timothy R. Tyler, Tyler & Porter, Chicago, IL.

For GENERAL MOTORS CORPORATION, defendant: Louis Anthony Lehr, Mai Lin Petrine Noffke, Lord, Bissell & Brook, Chicago, IL.

**Judges:** Ruben Castillo, Judge, United States District Court.

**Opinion by:** Ruben Castillo

## Opinion

**[*940] MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a product liability suit in the Circuit Court of Cook County, Illinois, against defendant General Motors Corporation ("General Motors"), alleging that injuries caused to the minor plaintiffs during a car accident resulted from a defect in a General Motors vehicle. General Motors removed the case to federal court on the basis of diversity jurisdiction. This Court remanded the case to state court for failure to timely remove the case. General Motors now moves for reconsideration of the remand. For the reasons set out herein, we deny General Motors' motion. (R. 6-1.)

**RELEVANT FACTS**

On April 12, 2002, Plaintiffs filed a product liability complaint in the Circuit Court of Cook County. Plaintiffs allege that the brakes [**2] on their General Motors' vehicle failed causing the vehicle to crash into an oncoming car.

226 F. Supp. 2d 939, *940; 2002 U.S. Dist. LEXIS 19751, **2

Plaintiffs claim that each occupant of the vehicle sustained "lasting and permanent injuries" and other damages including "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." (R. 1, Notice of Removal, Ex. A, Compl. PP 10, 13.) In accordance with the Illinois Rules of Civil Procedure, which prohibit express *ad damnum* clauses in personal injury complaints, Plaintiffs requested damages for each count only in the amounts necessary to comply with Illinois Circuit Court's rules of assignment (in this case $ 50,000). 735 ILCS § 5/2-604.

On May 20, 2002, General Motors filed an answer to the complaint and simultaneously requested an admission from the plaintiffs that they were seeking damages in excess of $ 75,000, the amount necessary for diversity jurisdiction in federal court. *See* 28 U.S.C. § 1332. Plaintiffs' response was due on or before June 17, 2002. The information requested would be deemed admitted if Plaintiffs did not respond by that date. [**3] *See* Ill. Sup. Ct. R. 216. Plaintiffs did not respond until July 3. On July 15, 2002, within 30 days after the due date of the response to the request for admission, as well as within 30 days of Defendant's actual receipt of the plaintiffs' admission that their alleged damages exceeded $ 75,000, General Motors filed its notice of removal. This Court remanded the action to the Circuit Court of Cook County, holding that it was apparent from the face of Plaintiffs' complaint that the amount in controversy exceeded the $ 75,000 jurisdictional minimum. Defendant timely filed the instant motion to reconsider.


## ANALYSIS

*HN1*[⊕] Removal is governed by 28 U.S.C. § 1446(b). *HN2*[⊕] which states in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty [*941] days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which [**4] it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

*HN3*[⊕] Removal to the federal district courts in Illinois also is aided by Local Rule 81.2, which provides a procedure for defendants faced with a complaint alleging a damages amount that satisfies the Illinois jurisdictional minimum but is below the federal jurisdictional amount in controversy. Local Rule 81.2 requires removing defendants to file along with their notice of removal: (1) a statement that the defendant in good faith believes the amount in controversy exceeds the jurisdictional amount; and (2) a response by plaintiff to an interrogatory or request for admission stating that the damages sought exceeds $ 75,000.

General Motors argues in its motion to reconsider that its removal was proper and timely because it complied with the procedure outlined in Local Rule 81.2. But *HN4*[⊕] we do not believe that this Local Rule obviates a defendant's responsibility to ascertain from a reasonable and common-sense reading of the complaint whether the action is removable. *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328-29 (N.D. Ind. 1991). [**5] Nor does the Local Rule provide a safe harbor that encourages defendants to wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court. *See, e.g., Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 662 (E.D. Tex. 2000) (rejecting on policy grounds defendant's argument that cases are not removable until there has been an absolute affirmation via discovery request that more than $ 75,000 was in issue).

In this case, as this Court noted in its initial minute order remanding this case, it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $ 75,000 in damages. Plaintiffs alleged that they suffered "lasting and permanent injuries" and incurred bills related to "medical, surgical, hospital, and nursing care for their injuries" as well as "[lost] wages and profits which they otherwise would have earned and acquired." (R. 1, Notice of Removal, Ex. A, Compl. PP 10, 13.) Plaintiffs further claimed that they suffered "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, [**6] medical expenses, loss of normal life, disfigurement and paralysis." (*Id.* at P 13.) In the parlance of product liability suits, these statements should

226 F. Supp. 2d 939, *941; 2002 U.S. Dist. LEXIS 19751, **6

sound warning bells in defendants' ears that significant damages are sought. Indeed, HN5[↑] courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of § 1446(b). See Huntsman Chem. Corp. v. Whitehorse Tech., 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997). See also Carleton v. CRC Indus., Inc., 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (concluding that it was "undeniably facially apparent" that plaintiff's damages exceeded $ 75,000 because he alleged that he contracted leukemia from defendant's chemicals); Roberson, 770 F. Supp at 1329; Turner v. Wilson Foods Corp., 711 F. Supp. 624, 626 [*942] (N.D. Ga. 1989) (holding that allegations in complaint that plaintiff suffered severe burns, permanent scarring, pain and suffering, and [**7] medical expenses provided defendant with sufficient information to ascertain removability); Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (E.D. Mich. 1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint"); Lee v. Altamil Corp., 457 F. Supp. 979, 981 (M.D. Fla. 1978); Horak v. Color Metal of Zurich, 285 F. Supp. 603, 606 (D.N.J. 1968) (holding that where complaint alleges that plaintiff suffered loss of right arm, defendant on notice that claim exceeds jurisdictional amount). But cf. Height v. Southwest Airlines, Inc., 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, at *4 (N.D. Ill. July 29, 2002); Ford v. Mannesmann Dematic Corp., 2000 U.S. Dist. LEXIS 14560, 2000 WL 1469371, at *3 (N.D. Ill. Oct. 2, 2000); Abdishi v. Phillip Morris, Inc., 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, *3 (N.D. Ill. June 4, 1998). [1] Thus, because plaintiffs, two of whom are minors, alleged severe and permanent injuries, including paralysis, and sought damages for lost income General Motors surely [**8] was on notice that the case was removable and it should have removed the case within 30 days of receipt of the complaint. [2]

[**9] Moreover, HN6[↑] to the extent that Local Rule 81.2 provides the exclusive procedure by which defendants may remove Illinois state complaints that lack an express ad damnum clause, we believe that it impermissibly contravenes the federal removal statute. A Local Rule may not limit or contravene the plain language and intent of a federal statute. See Fed. R. Civ. P. 83 ("[a] local rule shall be consistent with — but not duplicative of — Acts of Congress"); 28 U.S.C. § 2071(a) (local court rules "shall be consistent with Acts of Congress"); United States v. Claros, 17 F.3d 1041, 1044-45 (7th Cir. 1994) (stating that "[a] local rule may not be inconsistent with the Constitution, a statute of the United States, or with a national rule governing the conduct of litigation in the United States courts"). The first sentence of § 1446(b) does not specifically define what triggers removability in the initial complaint, but the intent of the 30-day time limit for removal is "to resolve the issue of removal as soon as possible and allow the [*943] case to proceed . . . without fear of uprooting the proceedings and transplanting them elsewhere." [**10] See Huntsman, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5. Although the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied. Dorazio v. UAL Corp., 2002 U.S. Dist. LEXIS 18809, 2002 WL 31236290, at *3 (N.D. Ill. Oct. 2, 2002). See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (1941). The defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court. Perry v. Willis,

---

[1] We recognize that our holding in this case conflicts with recent opinions of some of our district court colleagues. We believe, however, that those cases are distinguishable on their facts, especially since the plaintiffs in those cases were not minors, and did not plead the same serious, permanent injuries, paralysis and loss of income as the plaintiffs in this case. Moreover, as discussed below, our decision in this case stems from our fundamental disagreement with the premise, apparently assumed in those other cases, that the blanket application of Local Rule 81.2 is required in all cases removed from Illinois state court where an express ad damnum is lacking.

[2] We are cognizant that the interplay between the Illinois statute forbidding an ad damnum in personal injury actions and the $ 75,000 jurisdictional minimum of 28 U.S.C. § 1332 may create confusion or subject defendants to the burden of either multiple removals or an untimely removal. But the potential burden of multiple removals is no more inefficient than filing an answer and discovery requests prior to seeking removal. Moreover, oftentimes a defendant's initial removal will be sufficient because the federal court will agree with the defendant's good-faith appraisal of the damages sought in the complaint. Even if a defendant prematurely removes a case based on his mistaken, but good-faith, belief that an action meets the jurisdictional amount, he is not prejudiced in federal court because there is no prohibition on a subsequent removal if the action later meets federal diversity jurisdiction requirements. See Benson v. SI Handling Sys., Inc., 188 F.3d 780, 782 (7th Cir. 1999).

226 F. Supp. 2d 939, *943; 2002 U.S. Dist. LEXIS 19751, **10

110 F. Supp. 2d 1197, 1198 (E.D. Mo. 2000). By mandating an exclusive procedure by which defendants must remove a particular class of complaints in Illinois, a procedure that can never satisfy the 30-day initial-pleading time limit under § 1446(b), Local Rule 81.2 interferes with the federal removal statute's policy of expediting proceedings in the appropriate forum. Accordingly, we doubt the Local Rule's general applicability as an exclusive mode of removal in Illinois, as well as its specific application in this case.

For the foregoing reasons, we hold that the removability of Plaintiffs' suit was obvious from the face [**11] of the complaint, and that therefore General Motors should have removed the case within 30 days of receiving the initial complaint. Because it did not do so, its removal was untimely under 28 U.S.C. § 1446(b), and therefore Defendant's motion to reconsider and reinstate the case is denied. (R. 6-1.)

ENTERED:

Judge Ruben Castillo

United States District Court

Dated: October 16, 2002

End of Document

No *Shepard's* Signal™
As of: May 7, 2019 9:03 PM Z

## Varkalis v. Werner Co.

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**
2010 U.S. Dist. LEXIS 84870 *; 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [*1] For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining

2010 U.S. Dist. LEXIS 84870, *2

irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

III. ANALYSIS

A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman*, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

2010 U.S. Dist. LEXIS 84870, *5

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the ad damnum in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13860, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its ad damnum clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006). See also RBC Mortgage Co., 274 F. Supp. 2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); McCoy, 226 F. Supp. 2d at 941 (the 30-day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7 ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). See also Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3642, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)(citing Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

## IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

**ENTER:** August 18, 2010

/s/ Blanche M. Manning

---

[2] The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

Page 3 of 4

2010 U.S. Dist. LEXIS 64870, *9

Blanche M. Manning

United States District Judge

End of Document